UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Case No: 1:25-cr-00173-PTG |
| v.   ) | |
| ) | |
| **MONIA SPADARO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**OPPOSITION TO "*UNITED STATES MOTION IN LIMINE TO EXCLUDE
OR LIMIT THE TESTIMONY OF DEFENSE EXPERT***

COMES NOW Defendant MONIA SPADARO, by and through counsel, Alan J. Cilman, and respectfully submits the following opposition to "*United States Motion in Limine to Exclude or Limit the Testimony of Defense Expert*":

**Facts**

On or about May 22, 2025, the Central Intgelligence Agency (CIA) Police, the Federal Bureau of Investigation (FBI), and other law enforcement and governmental agencies placed Defendant MONIA SPADARO under arrest at the CIA Headquarters after shooting at her multiple times and hitting her four times.  Defendant MONIA SPADARO was charged with after receiving a visible and audible signal to stop from a law enforcement officer, did willfully and wantonly disregard said signal, drive a motor vehicle so as to interfere with and endanger the operation of a law enforcement vehicle or endanger a person.  Title 18, United States Code, Section 13, assimilating Code of Virginia. 1950, as amended Section 46.2-817(B), and driving under the influence in

violation of Title 32, Code of Federal Regulations, Part 1903.4(b)(1).  (A subsequent indictment added a reckless driving charge in violation of Title 32, Code of Federal Regulations, Part 1903.3 adopting Code of Virginia, 1950, as amended, Section 46.2-852).

After taking Defendant MONIA SPADARO into custody, the CIA, the FBI and other law enforcement and other government agencies took Defendant MONIA SPADARO to Fairfax INOVA Hospital.  At the Hospital, the physicians ordered a blood draw.  The results of the blood test with regard to alcohol was 0.273.  Sometime later the FBI obtained a search warrant for the blood.  The blood sample was sent from the FBI Laboratory in Quantico, Virginia to NMS Labs in Horsham, Pennsylvania, where it was received on July 24, 2025, over two months after the incident.  A report from NMS dated August 5, 2025, claims a blood alcohol level of 0.183 mg/dL

The government asks the Court to prevent Mr. McGarry from testifying on behalf of Defendant MONIA SPADARO in this case.

**Argument**

1. **Basis and Foundation of Opinion**

Relying on *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kumho Tire v Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); and *Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999), the government claims that there is not a sufficient basis and foundation for Mr. McGarry's opinions.  None of the cited cases is applicable in this case.  *Daubert* involved whether Bendectin caused human birth defects and no scientific publication supported the expert's position.  *Kumho Tire* involved an analysis of tire defects, which

was not recognized in the scientific community. *Westbury* involved a company's failure to warn of the danger of the talcum powder (talc) lubricant GGAB placed on rubber gaskets it manufactured.

Court ruled that the trial court had to review those theories prior to admissibility in *Daubert* and in *Kumho Tire*. *Westberry*, on the other hand, involved a long-established scientific principle. In *Westberry*, the Court stated that the trial court had to "be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence." The Court further explained that the trial court did not have to perform a gate keeping function.

> GGAB argues that the district court erred in failing to undertake a determination of the reliability and relevance of the evidence as required by Rule 702 because it believed such an analysis was applicable **only to novel scientific opinions.** We agree.

(Emphasis added)

Alcohol and its effects have been studied for years. Clearly, many of the effects of alcohol were known in an era that we call B.C. (Before Christ). Biblically, Genesis 19:30-38 references some of the effects of alcohol, which alters normal human behavior.[1]

## 2. Experience

The Government complains that Mr. McGarry does not have sufficient experience in the field. In fact, he has been accepted as an expert and has testified in thousands of alcohol cases. The government has been given the cases in the last 5 years, which exceed Three Hundred Forty (340) (See Exhibit 1).

## 3. Storage and Maintenance

---

[1] This section is frequently omitted from Sunday School.

The government correctly points out that the defense has not set forth what Mr. McGarry will say about storage and maintenance. On this issue, Mr. McGarry will be a rebuttal witness, if necessary. The defense does not know how the blood from Defendant MONIA SPADARO was handled between the time it was drawn in May until the report was made in August. Presumably, the government will explain that as part of its chain of custody burden. Stating that Mr. McGarry has expertise in this area, lets the government and the Court know that if something needs to be challenged or questioned, Mr. McGarry will be the expert to do so.

**4. Adrenaline**

Presumably, the government has witnesses who will testify that Defendant MONIA SPADARO was coherent after the incident. Adrenaline explains that.

**5. Signature**

That is being corrected.

**Conclusion**

WHEREFORE, Defendant prays this Court deny the motion to amend the protective order and/or this Court order such other and further relief as it may deem just and proper.

                                            Respectfully Submitted

                                            Monia Spadaro
                                            By Counsel

_s/Alan J. Cilman_
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030

Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of September 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Cameron M. Etchart, AUSA
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 2314

                                                  /s/*Alan J. Cilman*
                                                  Alan J. Cilman
                                                  Virginia State Bar #13066
                                                  Counsel for Defendant
                                                  10474 Armstrong Street
                                                  Fairfax, VA 22030
                                                  Telephone: (703) 261-6226
                                                  Facsimile: (703) 268-5182
                                                  acilman@aol.com