IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 1:25-cr-173-PTG |
| | : | |
| **MONIA SPADARO** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S PROPOSED VOIR DIRE

The Defendant sets forth below the questions she wishes propounded to the jury panel on voir dire. It is requested that these questions be asked in the order presented.

**I.  INTRODUCTORY REMARKS PRIOR TO VOIR DIRE TO INSURE PROPER RESPONSES:**

1. Ladies and Gentlemen of the jury, we are about to commence one of the most important and significant parts of our system of jury duty. I request that you give me your undivided and special attention.

2. Professionals in trial law, including judges, lawyers, and scholars have learned over the years that not every individual is suited to serve as a juror in every case. There are some cases for which some people are very well-equipped to act as jurors and there are other cases for which that same individual would not be as well qualified to act as a juror. The studies have shown this to be true for all kinds of people regardless of their background, education, or past experience. These differences are no reflection at all on the individual; rather, they reflect the fact that our society is made up of different kinds of people.

3.  We are going to ask you questions about a variety of things. This is not a test of any kind and there are no right or wrong answers. Two people may give the same answer to the same question, and one may be well suited to serve on this particular case, and the other may not. Please tell me exactly what you think or believe and do not be concerned about your answer. I cannot stress too strongly that there is no such thing as a right or wrong answer.

4.  This is a criminal case. MONIA SPADARO is charged with charged with after receiving a visible and audible signal to stop from a law enforcement officer, did willfully and wantonly disregard said signal, drive a motor vehicle so as to interfere with and endanger the operation of a law enforcement vehicle or endanger a person. (Title 18, United States Code, Section 13, assimilating Code of Virginia. 1950, as amended Section 46.2-817(B)), and driving under the influence (in violation of Title 32, Code of Federal Regulations, Part 1903.4(b)(1)). Reckless driving (in violation of Title 32, Code of Federal Regulations, Part 1903.3 adopting Code of Virginia, 1950, as amended, Section 46.2-852) OR the indictment may be read if it is customary at this point.

5.  Do any of you feel that you would have difficulty rendering a verdict of not guilty because of the nature of the charges?

6.  In this case, Defendant MONIA SPADARO is charged with driving under the influence. Do any of you have strong feelings on the issue of DUI? What are those feelings?

7.  Have any of you or any friends or relatives been arrested? For DUI?

8. When it comes to driving, how many of you believe that one drink is too many?

9. Many of you have heard that it is wrong to drink and drive. However, it is legal to drink and then drive. It is illegal to drink too much and then drive. Do any of you have such strong feelings on drinking and driving that you would have difficulty with this? Have any of you driven to a restaurant and had a glass of wine or a beer with dinner? Maybe two? Have any of you been to wine, beer or alcohol tastings?

10. How many of you believe that in America any person accused of a crime or of multiple crimes is entitled to the full protection of the law in defending herself against the accusations?

11. Do any of you know Ms. Spadaro or anything about her. Have any of you had any business dealings with her in her work as a server at various Northern Virginia restaurants?

12. MONIA SPADARO is represented by Alan J. Cilman. The prosecutors are represented by Cameron M. Etchart and Kathleen E. Robeson. Have any of you had business dealings with any of these attorneys or has someone associated with them represented you or someone you know or with whom you do business? Have any of the lawyers ever represented someone who was an adverse party against you or your business?

13. Have any of you had any social or business contacts with Ms. Spadaro or any of

        the attorneys?

14.        This case briefly had some publicity. It was reported that Ms. Spadaro entered the grounds of the CIA and was shot. Did any of you hear or read anything about that? Did you have an impression or reach any conclusions at that time? If so, what were they? Do you believe that what you heard or read would make it more difficult for MONIA SPADARO? Would it make it more difficult for the government. Do you understand the trial in this case can only be based on the evidence presented in this Court. If you believe or have a doubt that what you heard or read may make your task harder, please let me know.

15.        Do you realize that sometimes the information you get from the media about a given case can be accurate and it can be inaccurate? That sometimes reporters get it wrong? You realize sometimes a reporter gets information from someone who may have an ax to grind. may have a personal agenda, may no have accurate information, or simply may not know that much?

16.        Whatever impression you have from the publicity, do you believe that the defendant will have difficulty overcoming that impression? What does the defendant have to do to overcome that impression?

17.        You realize that under the law, MONIA SPADARO does not have to do anything to overcome that impression; that the government has to produce proof beyond a reasonable doubt. The government is entitled to no help from the media?

18. However, we all know that first impressions are often lasting. If you had a negative impression when you saw the stories on the news or in the papers, the Court and the parties are entitled to know about that.

## II. LEGAL PRINCIPALS APPLICABLE IN A CRIMINAL CASE: - JURORS REQUIRED TO UNDERSTAND BUT NOT REQUIRED TO AGREE WITH PRINCIPLES:

19. There are various legal principles which apply to this case. There exists a set of rules for criminal cases, and they are applied in judging criminal cases just as there exists a set of rules for civil cases and a set of rules for judging civil cases. This is a criminal case, and these are some very important general principles or rules which jurors apply in criminal cases. You need to know what they are, but I will tell you that you are not required to agree with them; however, if you do not agree, some or any of these principles, you must tell me.

20. One of the key and most important rules of our judicial system. which sets it apart from any other judicial system in the world, is that MONIA SPADARO is presumed innocent. The prosecution has the burden of presenting evidence to you to try to convince each and every one of you, individually, beyond a reasonable doubt, that the presumption of innocence should be taken away.

21. The presumption of innocence means that if you were called upon to vote on the question of guilt or innocence right now, having heard nothing but the accusation, you could only vote one way, i.e., not guilty. The accusation or indictment is merely a device which allows the trial to occur. It is not proof that anyone did anything wrong. It is not evidence of guilt.

22. You are being called upon to act as judges in our legal system. Each of you will be judges of the facts. As a judge, in our court system, it will be your duty to determine whether you think that the prosecution's evidence has overcome the presumption of innocence beyond a reasonable doubt. A reasonable doubt is not an imagined doubt or a doubt that is fanciful. A reasonable doubt is, however, something which might make you hesitate or pause if you were doing something very important for your family. If you have a doubt, a reason to pause, if you would hesitate, on the question of guilt or innocence and you believe that the reason you pause or hesitate is reasonable, then you have what the courts call a "reasonable doubt".

23. With regard to the burden of proof, each of the charges I described has what are known as elements or separate requirements. On each charge, the government has the burden of proving each of those elements beyond a reasonable doubt. If for example, if a charge has four elements and the prosecution only proves three beyond a reasonable doubt and you have a reasonable doubt on the fourth element can you find the defendant not guilty as the law requires?

24. Similarly, if you believe that the defendant probably did it, but you had a doubt for which you have a reason, can you find the defendant not guilty as the law requires?

25. Not everybody in our Country agrees with all of these rules and principals. In our society everyone has a right to his or her own opinion and you must not be

        hesitant in expressing your opinion on this now. You are free to say what you think about these rules or about anything else that we ask you. This Court needs your frank, honest answers. You are not required to agree with these rules and if you do not, that is perfectly all right, but you should tell us how you really feel. Does anyone have any opinion about these principles where you disagree with them or object to them. (Give opportunity for response).

26.      I am sure that for many of you, this is a new experience and you may have a question to ask to help you understand something you have heard so far. Please do not hesitate to ask the question. The Court does not want you to misunderstand anything. There are no foolish questions. The only kind of question that is foolish is the question that is kept inside and is not asked. Does anyone have any questions about 1) the presumption of innocence; 2) the burden of convincing you being on the government and 3) the requirement that the government has to persuade each and every one of you beyond a reasonable doubt? Please raise your hand if you have a question.

### III. GENERAL VOIR DIRE

27.      Do any of you have any medical problems that affect your ability to sit for a long period of time or to see or to hear or to remember?

28.      Do you have any medical problems which require you to take medication at regularly stated intervals or times, or which would require you to be absent from Court for a previously set doctor's appointment or treatment or the like?

29.      Do any of you have any special business or family problems which would

prevent you from sitting on this case, even if it were even to carry over until Thursday or Friday? This question includes whether you may have an invalid or sick person to whom you give care.

30. If you heard the case and thought that maybe the accused were guilty, but you were not sure, and if she would just say one or two things, you could decide, how would you feel if she just said nothing?

31. What would you do if someone on the jury thought that the accused was guilty and you did not? The Court tells you that you should listen to what others have to say, but the law demands that you stick to your own conscience. How would you feel if almost everyone else felt one way and you honestly felt the other?

32. Of the following, which do you believe is the most important to teach a child:

    A. to tell the truth;

    B. to accept responsibility for your actions;

    C. to obey police officers?

33. Have you or any close friend or relative ever been employed by the Central Intelligence Agency, the Department of Defense (and, if so, please indicate branch, year of discharge from duty, and type of duty), the Department of Justice, including the Federal Bureau of Investigation, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco and Fire Arms, Homeland

Security, any police department, sheriff's department, any government or private intelligence agency, the Federal Bureau of Prisons or State Department of Corrections, a state, city, county or other local jail, a private or public security force?

34. Have you or any close friend or relative ever had a job which dealt with any of the above listed agencies or similar government operation? If yes, please indicate what type of job, where and when and what your job entailed.

35. Have you, or anyone close to you, ever been involved in a dispute with the United States Government, such as over social security or veteran' benefits or taxes? And, if so, when, what was the nature of the dispute, what was the outcome, and how do you feel about that experience?

36. Do you believe that it is permissible to disagree with the Government, and could you give someone who disagrees with the Government a fair trial?

37. Assume a police officer testifies that on the day in question the sky was blue, but the defendant testifies that the sky was gray. Without more information you will say the sky was:

    a. blue;

    b. gray;

    c. cannot say.

38. Would you be more likely to believe the testimony of a police officer simply because he or she is a police officer?

39. Would you be more likely to believe a police officer over a defendant or a defendant's witness?

40. Do any of you believe that a person charged with a crime should not be believed, because that person is charged with a crime? You all realize that if a person charged with a crime starts with the presumption of being dishonest that person cannot get a fair trial.

41. Have you ever had any court experience such as being a witness? Have you ever had to sue someone, or have you ever been sued by someone? If your answer is yes, tell us about the case, the outcome and what you thought about it.

42. Have you ever been called to serve on a grand jury or been a witness before a grand jury?

43. Have you ever served on a trial jury, and if so, tell us the type of case, what happened and what you think about it.

44. Have you or any of your close friends or relatives ever been the victim of a crime, or the witness to a crime? If your answer is "yes", please tell the Court the circumstances and what you thought about what happened and the results. (This should be out of the hearing of other jury panel members, and it should be made clear, before the question is asked that it will be answered at the bench).

45. Finally, is there anything that we have not asked you that in your opinion, gives you some concern about sitting as a juror in this case?

MONIA SPADARO<br>By Counsel

/s/*Alan J. Cilman*
ALAN J. CILMAN, ESQ.
Counsel for Monia Spadaro
Law Office of Alan J. Cilman
10474 Armstrong Street
Fairfax, VA 22030
Phone: (703) 262-6226
Fax: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Cameron M. Etchart, AUSA
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 2314

/s/*Alan J. Cilman*
Alan J. Cilman
Virginia State Bar #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226   Facsimile: (703) 268-5182   acilman@aol.com