FILED

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2025 OCT 16  P 4: 52

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )     **Case No: 1:25-cr-00173-PTG** |
| v. | ) |
| | ) |
| MONIA SPADARO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION FOR NEW TRIAL

COMES NOW Defendant MONIA SPADARO, by and through counsel, Alan J. Cilman, and pursuant to Rule 33 of the Federal Rules of Criminal Procedure hereby moves this Honorable Court to vacate the verdict of the jury and grant a new trial in the interest of justice. As grounds for this motion, the defendant states:

1. On or about October 1, 2025, the jury began deliberations in the captioned case;

2. After almost an hour of deliberations, the jury sent a note to the Court that one of the jurors had violated the Court's very clear directive and had "googled" the case;

3. The Court interviewed the juror, who claimed that after significant deliberations she decided to reveal that she had googled the case the night before;

4. The juror did not reveal what she had googled and how what she had googled had influenced her decision and/or how it influenced her contributions to the deliberations;

5. The Court dismissed the offending juror and told the remaining panel that the alternate juror would replace the dismissed juror and the jury should return on October2, 2025 at 9:30 a.m.;

6. Shortly after 9:30 a.m. on October 2, 2025, the jury returned with a verdict;

7. Rule 24 (c)(3) provides in pertinent part: "If an alternate replaces a juror after deliberations have begun, the court **must** instruct the jury to begin its deliberations anew" (emphasis added);

8. In this case, the Court did not provide the jury with this instruction and, in fact, did not speak to the jury as a whole after the alternate was seated and prior to verdict;

9. Given the time between the seating the alternate and the verdict as well as the lack of instructions, it is unlikely that the jury began "its deliberations anew";

10. Prior to trial, the government made a motion in limine to prevent Defendant's from fully disclosing the true facts of this case on the grounds that disclosure of those true facts would prejudice the government and/or could lead to jury nullification;

11. The Court, believing that telling the jury that Defendant MONIA SPADARO had been shot multiple times would have been sufficient for Defendant's purposes, limited the evidence could introduce regarding the extent of the

2

shooting and the injuries Defendant suffered both on the spot and subsequently.

12. The Defense tried to show that the shooting and the potential consequences to the government, the CIA, and the shooter created a bias with regard to the government's evidence and the government's characterization of the Defendant;

13. In terms of what the defense was trying to accomplish, the Court's limitations of the evidence were harmful and impeded the defense;

14. Defendant believes that she was entitled to the whole truth, especially in light of the 6th Amendment;

15. Such other and further grounds as may become apparent at the hearing on this motion.

Respectfully Submitted

Monia Spadaro
By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2025, because Pacer does not allow me access for no reason whatsoever, I will email copies to the following:

3

Cameron M. Etchart, AUSA
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 2314

/s/*Alan J. Cilman*
Alan J. Cilman
Virginia State Bar #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

4